Julia Quiñones Martorell, demandante y apelada. *v.* Porto Rico Biscuit Co., cuyo dueño es Juan Arbona, demandada y apelante.

No. 5272.—*Sometido:* Diciembre 2, 1931. *Resuelto:* Febrero 26, 1932.

*A. Aponte,* abogado del apelante; *F. Otero Rivera,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El título del epígrafe fué repetido en el cuerpo de la demanda radicada, y en el primer párrafo de la misma se hizo la alegación de que Juan Arbona, bajo el nombre comercial de Porto Rico Biscuit Co., hacía negocios en Yauco. Después de un juicio, la Corte de Distrito de Ponce, en apelación de la Corte Municipal de Yauco, dictó sentencia por daños y perjuicios por la suma de $445 contra la demandada, Porto Rico Biscuit Co. Se imputó a la demandada haber dado contramarcha a un autocamión contra el coche de la demandante, ocasionando daños a su persona y al coche.

■ No tenemos un señalamiento de errores por separado en este caso, pero el así llamado último error del apelante está redactado en la siguiente forma mixta: "La corte *a quo* erró al pronunciar esta sentencia contra 'Porto Rico Biscuit Co.' y al admitir prueba incompetente acerca de su existencia." La corte en realidad erró al dictar sentencia contra la Porto Rico Biscuit Co., ya que los autos en su totalidad demuestran que el verdadero demandado era Juan Arbona. No sólo la prueba documental y la testifical demostraron que la Porto Rico Biscuit Co. había sido disuelta y que el negocio lo conducía Juan Arbona, bajo la razón social de Porto Rico Biscuit Co., sino que la demandada y apelante últimamente admitió ese hecho. Durante el curso de estos procedimientos la apelación fué desestimada. El apelante acudió con una moción para que se reinstalara el caso, y lo obtuvo. En una declaración jurada suscrita por el abogado de la demandada en solicitud de que se reinstalara el caso, archivada en 26 de enero de 1931, el deponente alega ser el abogado de Juan Arbona en el presente litigio que fué definitivamente fallado en contra de dicho demandado. No tenemos duda, por tanto, de que el verdadero demandado era Juan Arbona y la sentencia de la corte inferior puede ser corregida de forma que en vez de condenar a la Porto Rico Biscuit Co., lea "Juan Arbona, haciendo negocios bajo la razón social de Porto Rico Biscuit Co."

■ Dada la falta de un señalamiento de errores, y la forma en que está redactado el señalamiento de que hemos hablado, no daremos mayor consideración al supuesto error de la corte al admitir documentos públicos para demostrar a nombre de quién estaba el camión que ocasionó el daño. Surge claramente el hecho de que Juan Arbona era dueño del camión, y así lo admitió por lo menos a uno de los testigos de la demandante.

■ El primer señalamiento de error parece tener *prima*

*facie* algún mérito. Alega, en efecto, que la corte cometió error al fijar como negligencia de la demandada el hecho de que su *chauffeur* Angel Sabater no tuviera licencia.

Convenimos con la parte apelante en que una persona puede ser un *chauffeur* experto y sin embargo no haber obtenido licencia, y también en que para obtener sentencia a su favor en el presente caso la demandante no tenía derecho a confiar en tal motivo de negligencia. De toda la prueba y la opinión de la corte, se verá, sin embargo, que la corte repite las alegaciones de la demanda al efecto de que el accidente se debió a que el *chauffeur* de la demandada repentinamente dió contramarcha a su máquina y a que dicho *chauffeur* ocasionó daños a la demandante. Es evidente que lo que la corte tuvo en mente fué que el dejar de poseer una licencia era alguna prueba de la incapacidad del conductor, y esto frecuentemente es así. Empero, la prueba fué clara en el sentido de que el accidente tuvo lugar en una calle estrecha debido a que el *chauffeur* de la demandada dió contramarcha al camión contra el coche de la demandante.

Cuando toda la prueba demuestra que un demandado es negligente, y la corte llega a una conclusión general contra él, no estamos dispuestos a revocar la sentencia a causa de expresiones erróneas en la opinión de la corte.

Los otros señalamientos de error se refieren a la cuantía de los daños. Quizá algunas de las partidas concedidas en concepto de daños estaban equivocadas, pero otras tal vez podrían ser aumentadas. En ausencia del debido señalamiento de errores, no entraremos en estos detalles, porque no estamos convencidos de que se haya cometido una verdadera injusticia.

*Debe modificarse la sentencia en la forma arriba expresada, y, así modificada, se confirma.*